U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 15 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Harris M. Williams | DOCKET NO. 1:06 CV 683 |
| | SECTION P |
| VS. | JUDGE T. Trimble, Jr. |
| L.A. Department of Correction, ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **Harris M. Williams** ,("Plaintiff"). Plaintiff was granted permission to proceed *in forma pauperis* on May 12, 2006. [Rec. Doc. 7]. Plaintiff is currently incarcerated at the Winnfield Correctional Center ("ACC") in Winnfield, Louisiana.

Plaintiff asserts he was subjected to cruel and unusual punishment in violation of his constitutional rights. Plaintiff seeks monetary damages for his pain and suffering.

At this time the Court is unable to proceed on Plaintiff's claim without more information. Plaintiff has been granted permission to proceed *in forma pauperis* in the instant action, therefore, his complaint is subject to the screening provisions established in 28 U.S.C.§ 1915(e). Accordingly, in order to determine if is his civil rights claim is actionable, he should amend to provide this court with more information. See Talib v. Gilley, 138 F.3d 211 (5th Cir. 1998) (allowing the use of

questionnaires or an evidentiary hearing in order to aid a court in the determination if an *in forma pauperis* complaint is frivolous).

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged deprivation was committed by a person acting under the color of state law. Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff's conclusive allegations, without more, do not sufficiently meet the above requirements.

Furthermore, Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts** which support the conclusion that his constitutional rights were violated by each person who is named as a defendant. This conclusion must be supported by specific factual allegations stating the following:

> (1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;
>
> (2) a **description of what actually occurred or what each defendant did to violate plaintiff's rights;**
>
> (3) the place and date(s) that the event occurred; and
>
> (4) a **description of the alleged injury;** include the name of the medicine Plaintiff should have been given,

and the medical condition treated by this medication.

(5) **whether Plaintiff currently suffers from any injury; Please explain.**

Furthermore, insofar as the Plaintiff has named any of the defendants in a supervisory capacity, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be **personally involved** in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation. Id. (emphasis added) Plaintiff's statements that the Warden, acting in a supervisory role violated his constitutional rights, is not enough to satisfy the above standard. He must allege personal involvement or deficient policy implementation on behalf of these officials.

**EXHAUSTION**

Plaintiff has failed to demonstrate that he has exhausted administrative remedies with respect to the claim asserted herein. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a)makes the exhaustion requirement mandatory in prison conditions cases providing as follows:

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has recently held that "the PARA's [Prison Litigation and Reform Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Tussle, 534 U.S. 516, 525, 122 S.C. 983, 992, 152 LED.2d 12, (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. See Booth v. Churner, 532 U.S. 731, 739, 121 S.C. 1819, 1827, 149 LED.2d 958 (2001)."Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth, 532 U.S. at 737. In other instances, the internal review might "filter out some frivolous claims." Id.

Plaintiff is hereby put on notice that when a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the prisoner's complaint should be

dismissed without prejudice, thereby allowing the refiling after exhausting all his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998).

Plaintiff should amend his complaint and provide information that such grievances have been exhausted.

Before this court determines the proper disposition of Plaintiff's claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

**Accordingly, IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment. **The amendment should not exceed five (5) typewritten or ten (10) handwritten pages.**

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address pursuant to LR 41.3W.**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___15th___ day of ___May___, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE